Argued and submitted December 24, 1987, reversed and remanded for new trial
April 20, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## IGNACIO RAYGOZA,
*Appellant.*

(87-D-101208; CA A45236)

752 P2d 1253

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

*Joseph, C. J., *vice* Young, J., deceased.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of driving while suspended. ORS 811.175. He appeals, assigning as error the trial court's denial of his motion to suppress and its having conducted a trial without a valid waiver of a jury. We reverse and remand.

Some time after 1:00 a.m. on February 27, 1987, Deputy Sheriff Peterson noticed defendant and a passenger sitting in a parked car. The car was parked two to three feet from the curb in a mixed residential and commercial area. Its parking lights were on. Peterson drove around the block, drove up behind the car, at some point activated his overhead lights, stopped, left his car and approached the other car. He testified that, at that time, he was not investigating any crime or traffic infraction and had no suspicion of any particular criminal activity but that he would have stopped defendant and his passenger had they attempted to drive away. He said that he was investigating the situation to see if a domestic dispute or "some crime" was occurring.

Peterson asked defendant, who was seated in the driver's seat, and his passenger if they were having any problems. They replied that they were not. Next, he asked defendant and his passenger their names and birth dates. He testified that he did that so he could check with the Motor Vehicles Division (MVD). He did not say whether he told defendant why he wanted the information. Before Peterson conducted the MVD check, defendant "advised" him that his driver's license was suspended. Peterson confirmed that information, told defendant not to drive and drove down the road a short distance. He parked his car where he could watch defendant's car. Ten or 15 minutes later, he saw defendant drive away, stopped him and issued him a citation for driving while suspended.

Defendant first assigns error to the denial of his motion to suppress.[1] He argues that the first encounter was an illegal stop. See ORS 131.615(1). The state argues that it was

---

[1] The motion does not specify whether defendant seeks to suppress evidence only from the first encounter between him and Peterson or from the second, too. However, it is clear from defendant's arguments in this court and the trial judge's comments in ruling on the motion that only the first encounter is in issue.

not a stop and that, even if it were and was illegal, the evidence is nonetheless admissible.

The trial court concluded that the encounter was an illegal stop but refused to suppress the evidence.[2] The court made no findings of fact. On the present record, we cannot determine whether the first encounter was a stop. None of the factual issues was resolved on the record. On remand, the trial court must make explicit findings of historical fact and connect them to its conclusions. *See State v. Wise,* 305 Or 78, 81 n 2, 749 P2d 1179 (1988).

■    The state concedes that the trial court erred in conducting a nonjury trial without a valid waiver. We agree. *State v. Graves,* 87 Or App 548, 742 P2d 1200 (1987).

Reversed and remanded for a new trial.

---

[2] The court gave only a brief explanation of why it admitted the evidence despite its conclusion that the first encounter was an illegal stop. It noted in passing that, in a two-encounter situation such as this, whether all the evidence must be suppressed merely because the first encounter was illegal is a difficult issue. If, on remand, the trial court deals with the same issue, it should consider *State v. Miller,* 300 Or 203, 226, 709 P2d 225 (1985).