Argued and submitted December 13, 1990, affirmed July 8, reconsideration denied
August 19, petition for review allowed October 27, 1992 (314 Or 573)
Petition for review dismissed as improvidently allowed December 24, 1992
(315 Or 272)

# STATE OF OREGON,
*Respondent,*

*v.*

# HERMAN WILLIAM PETERSON,
*Appellant.*

## (10-89-06536; CA A64607)

834 P2d 488

David A. Hill, Eugene, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Defendant appeals his convictions for theft and attempted theft, ORS 164.055; ORS 161.405, challenging the trial court's denial of his motion to suppress. We affirm.

In July, 1989, Grace Zimmerman reported to police the theft of several antique dolls. She eventually discovered that her son had taken the dolls. He told her that he had sold two of them to defendant. When Zimmerman contacted defendant, he denied having purchased them. Some time later, Zimmerman saw her dolls in a consignment case, leased by defendant, at the Lafayette Schoolhouse Antique Mall. At the mall, antique dealers lease display space and the mall's personnel handle customer inspection and sales of their merchandise. When the mall manager refused to return her dolls to her, Zimmerman contacted the police. On July 25, Detective Raynor telephoned the mall and spoke to the manager. He told the manager not to sell or remove the dolls from the store until he arrived the next day. The next day, Raynor went to the mall, inspected the dolls and took possession of them.

Defendant moved to suppress the dolls on the basis that Raynor's actions constituted an unlawful search and seizure in violation of Article I, section 9, of the Oregon Constitution and the Fourth Amendment. The trial court denied the motion, and defendant was convicted.

A warrant, based on probable cause, that specifies the items for which the police may search and authorizes their seizure is the ordinary safeguard against unreasonable searches and seizures. *See State v. Brown*, 301 Or 268, 273, 721 P2d 1357 (1986). Although the warrant is referred to as a "search" warrant, the judicial process for its issuance provides the authority to seize things. *State v. Handran*, 97 Or App 546, 550, 777 P2d 981, *rev den* 308 Or 405 (1989). A warrantless search is lawful only if it falls within one of the few specifically established and well-delineated exceptions to the warrant requirement. *State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988); *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983). Likewise, a seizure may be justified in the absence of a warrant, but only if the circumstances come within one of the exceptions to the warrant requirement. *See, e.g., State v.*

*Miller*, 300 Or 203, 229, 709 P2d 225 (1985), *cert den* 475 US 1141 (1986).

■      We first conclude that Raynor's observation and inspection of the dolls at the antique mall was not a search. A search occurs when government action invades a protected property or privacy interest. *State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986); *State v. Faulkner*, 102 Or App 417, 420, 794 P2d 821, *rev den* 310 Or 422 (1990). Raynor's inspection of the dolls did not violate a privacy interest. Defendant had displayed the dolls in a place open to the public in a clear glass case. The dolls were offered for sale, and it was anticipated that potential buyers would inspect them. Raynor inspected them, with the assistance of the mall's staff, in the same way that an inquisitive doll collector might. *See* 1 LaFave, *Search and Seizure* 320, § 2.2 (2d ed 1987).

■■     Although inspection of the dolls in the case was not a search, it does not necessarily follow that their warrantless seizure was lawful. Searches and seizures are separate acts and must be analyzed separately. *State v. Tanner*, 304 Or 312, 316, 745 P2d 757 (1987). A search (or non-search) might be legal but, nonetheless, lead to a seizure that is illegal. *See State v. Elkins*, 245 Or 279, 422 P2d 250 (1966). A "seizure" occurs when there is a significant interference with a person's possessory or ownership interests in property. *State v. Owens, supra*, 302 Or at 207. Raynor's confiscation of the dolls was a significant interference with defendant's possessory interests in the dolls and, accordingly, was a seizure.

■      The critical issue in this case is whether the seizure was valid without a warrant. Relying on *State v. Handran, supra*, the trial court held:

"The police officers had a right to enter that premises, had a right to see the property, had a right to touch it and inspect it in the way somebody else did, so they did not have to have a search warrant to get there.

"Once they got there, and they could get the dolls, they had a right to seize them. So it's for those reasons the motion is denied."

However, the trial court's reliance on *Handran* was in error; the holding in that case does not support the warrantless seizure of the dolls. In *Handran*, we upheld the

seizure of evidence found in plain view during the course of a search of the defendant's apartment relating to another crime. We held that property may be seized under the plain view doctrine if:

"(1) there is prior valid intrusion; (2) the discovery is inadvertent; and (3) it is immediately apparent to the police that the items that they observe may be evidence of crime, contraband, or otherwise subject to seizure. * * * '[P]lain view alone is never enough to justify the warrantless seizure of evidence.' " 97 Or App at 550 (quoting *Coolidge v. New Hampshire*, 403 US 443, 468, 91 S Ct 2022, 29 L Ed 2d 564 (1971)). (Citations omitted.)

The seizure in this case does not comply with the *Handran* criteria, because Raynor's discovery of the dolls was not "inadvertent."

Nonetheless, we conclude that the seizure was valid. In *Horton v. California*, 496 US 128, 136, 110 S Ct 2301, 110 L Ed 2d 112 (1990), the United States Supreme Court overruled the part of *Coolidge v. New Hampshire, supra*, that held that, under the Fourth Amendment, inadvertence is a requirement for a seizure under the plain view doctrine, saying that "Justice Stewart's analysis of the 'plain view' doctrine did not command a majority and a plurality of the Court has since made clear that the discussion is 'not a binding precedent.' " (Citations omitted.) It held:

"The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by a warrant's terms or by a valid exception to the warrant requirement." 495 US at 138.

The court reasoned that there is no violation of a person's privacy right in plain view situations.

"As we have already suggested, by hypothesis the seizure of an object in plain view does not involve an intrusion on privacy. If the interest in privacy has been invaded, the violation must have occurred before the object came into plain view and there is no need for an inadvertence limitation on seizures to condemn it. The prohibition against general searches and general warrants serves primarily as a protection against unjustified intrusions on privacy. But reliance on privacy concerns that support that prohibition is misplaced when the inquiry concerns the scope of an exception

that merely authorizes an officer with a lawful right of access to an item to seize it without a warrant." 495 US at 141. (Footnote omitted.)

Under *Horton*, the criteria for a valid plain view seizure are that (1) the officer not have violated the Fourth Amendment in arriving at the vantage point from which he could observe the evidence in plain view; (2) the incriminating character of the evidence be "immediately apparent;" and (3) the officer have "a lawful right of access to the object itself." 495 US at 136.

In *State v. Ainsworth*, 310 Or 613, 621 n 9, 801 P2d 749 (1990), the Supreme Court cited the *Horton* analysis with approval and sanctioned its application under Oregon's constitution.

"In *Horton v. California* * * * the United States Supreme Court held that the Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view even though the discovery of the evidence was not inadvertent, thereby clarifying the 'inadvertence' requirement of the plain view doctrine. *Although that case involved a seizure under the Fourth Amendment, we agree with the Supreme Court's de-emphasis of the police officer's motivation.* As that Court stated, 'evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer. *The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure * * *.' "* (Emphasis supplied.)

Accordingly, we overrule *Handran* to the extent that it makes inadvertence a necessary component of a plain view seizure in a warrantless search.[1] Under the criteria in *Horton*, the seizure in this case was valid. It is not disputed that Raynor was lawfully in the mall where he could observe the dolls. The incriminating nature of the dolls was obvious, because the victim had already identified that they were hers. Mall personnel had taken the dolls out of the case to show Raynor, which they had authority to do, and so Raynor had

---

[1] We do not address whether inadvertence is a requirement of a seizure conducted pursuant to a warrant. ORS 133.585, governing warrant searches and seizures, allows an officer discovering items not specified in the warrant to seize them if he did not have probable cause to expect to find them during the search.

lawful access to the dolls. We conclude that their seizure was authorized and that the trial court's denial of defendant's motion to suppress was proper.

Affirmed.