On respondent's motion for reconsideration filed April 26, reconsideration allowed; opinion (111 Or App 449, 823 P2d 1053 (1992)) withdrawn; convictions vacated; remanded in part with instructions September 15, 1993

STATE OF OREGON,
*Respondent,*

*v.*

TERRI JOHNSON,
*Appellant.*

(90C-20597; CA A68013 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

ALLEN EUGENE JOHNSON,
*Appellant.*

(90C-20596; CA A68015)
(Cases Consolidated)

859 P2d 555

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for motion.

No appearance *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is before us for a second time. Defendants were each convicted of four felony drug offenses charged as "part of a drug manufacture scheme." ORS 475.992. In our opinion, we reversed and remanded the convictions with instructions to dismiss the indictments. 111 Or App 449, 823 P2d 1053 (1992). Before the time ran for filing a petition for review, we allowed the state's motion to hold this case in abeyance pending the Supreme Court's determination on the "scheme or network" issue. In *State v. Ferrell*, 315 Or 213, 843 P2d 939 (1992), the Supreme Court held that the remedy for a "scheme or network" problem, as identified in *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991), was not dismissal of the indictments, but rather affirmance of the convictions on the underlying drug offenses and remand to the trial court for resentencing.

After the Court's decision in *Ferrell*, we reactivated the appeal. The state moved for reconsideration of our decision. We now grant the state's motion for reconsideration, withdraw our opinion and consider defendants' remaining assignments of error, which mainly concern the trial court's denials of their two motions to suppress. In the first motion, defendants sought to suppress evidence seized in a warrantless search of Doris Ebright's residence.

In investigating a fire that occurred at a house owned by Ebright, Keizer police discovered evidence of a methamphetamine laboratory. They then went to another house where Ebright resided and obtained her consent to search it, including the room in which defendants resided. The evidence seized from that room was the subject of defendants' first motion to suppress.

The testimony at the suppression hearing concerning Ebright's authority over defendants' room was disputed. The officers who conducted the search testified that Ebright had authority to grant consent to search the room, because she told them, at the time of the search, that she had access to defendants' room, that defendants were not paying rent and that she had stored some of her belongings in the room. On the other hand, Ebright testified that defendants did pay some rent for the room, that she did not have free access to it

and that she considered the room to be their space. She denied the accuracy of the officer's testimony, although she stated that there could have been a misunderstanding between her and the officers. She admitted that she stored some of her personal belongings in the room. After hearing the conflicting testimony, the trial court did not make particular findings as to whether the state had sustained its burden of proof. Nor did it make any findings of fact or indicate, orally or in writing, the legal basis for its decision. Instead, it summarily denied defendants' motion to suppress.

■ On appeal, defendants contend that, because the trial court failed to make necessary findings, the case should be remanded. Alternatively, they argue that the court erred in denying their motion, because Ebright had no authority, actual or apparent, to consent to the search. We agree with the first argument and need not address the second.

■ It may be that the trial court was relying on Ebright's actual authority to grant consent. Such authority must flow from her joint use or control of, or her access to, the room for "most purposes." *United States v. Matlock*, 415 US 164, 171 n 7, 94 S Ct 988, 39 L Ed 2d 242 (1974); *State v. Carsey*, 295 Or 32, 39, 664 P2d 1085 (1983); *State v. Williams*, 48 Or App 293, 297, 616 P2d 1178 (1980). Or, the court may have concluded that the officers reasonably believed that Ebright had the authority to consent. However, had the trial court relied on the second theory, it would have been wrong under Article I, section 9. *See State v. Arnold*, 115 Or App 258, 262 n 2, 838 P2d 74 (1992), *rev den* 315 Or 312 (1993); *State v. Lynch*, 94 Or App 168, 171, 764 P2d 957 (1988); *compare Illinois v. Rodriguez*, 497 US 177, 110 S Ct 2793, 111 L Ed 2d 148 (1990) *with State v. Carsey, supra*. Thus, the only question is whether Ebright had actual authority to grant consent. Without the trial court's findings on that issue, we cannot review the correctness of its decision. The Supreme Court has repeatedly expressed its frustration over a trial court's failure to make necessary findings and has cautioned us not to hesitate to remand. *E.g., State v. Wise*, 305 Or 78, 81 n 2, 749 P2d 1179 (1988); *State v. Bates*, 304 Or 519, 527, 747 P2d 991 (1987). Consequently, we vacate the convictions and remand the case for it to make explicit findings on that part. *See State v. Paulson*, 313 Or 346, 352, 833 P2d 1278 (1992);

*State v. Nelson,*, 103 Or App 299, 302, 796 P2d 1250 (1990); *State v. Raygoza*, 90 Or App 473, 476, 752 P2d 1253 (1988); *cf. State v. Parker*, 317 Or 225, 229, 855 P2d 636 (1993).

In their second motion to suppress, defendants sought to suppress the evidence seized from their vehicle pursuant to the execution of a search warrant at a residence in Lincoln County. Defendants argue that the police exceeded the scope of the search warrant by entering the garage without authorization. We disagree.

■ The search warrant authorized a search of the premises located at 5291 Highland Road and further described the premises to include a "single wide mobile home" and an "unattached garage." When the officer executing the warrant entered the garage, he was in a location where he had a right to be. While there, he saw, in plain view, items of drug paraphernalia in the open bed of a pickup.[1] The officer was entitled to seize those items. *See State v. Rhodes*, 315 Or 191, 200, 843 P2d 927 (1992); *State v. Peterson*, 114 Or App 126, 131, 834 P2d 488, *rev dismissed* 315 Or 272 (1992). The trial court's denial of defendants' second motion to suppress was correct.[2]

Reconsideration allowed; opinion withdrawn; convictions vacated; remanded for findings on motion to suppress evidence seized at Ebright's residence. If, based on those findings, the trial court allows the motion to suppress, it shall grant defendants a new trial. If it denies the motion to suppress, the court shall reinstate the convictions and resentence.

---

[1] The officer also smelled odor he believed to be of methamphetamine coming from the garage.

[2] Defendants also assign error to the trial court's sentencing dispositions. If, on remand, the trial court, on remand, denies defendants' first motion to suppress, it will need to resentence them under *Ferrell*. Consequently, we do not address defendants' arguments concerning sentencing.