Argued and submitted December 20, 1991, affirmed on appeal and on cross-appeal July 8, Flanigan's petition for reconsideration and state's petition for reconsideration denied October 7, Flanigan's petition for review denied November 24 (314 Or 728), state's petition for review allowed November 24, 1992 (314 Or 727)

**STATE OF OREGON,**
*Appellant - Cross-Respondent,*

*v.*

**MICHAEL PHILLIP FLANIGAN,**
*Respondent - Cross-Appellant.*

(CM90-0797; CA A68280)

834 P2d 472

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him

on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of burglary I. ORS 164.225. The state appeals his sentence, assigning error to the court's ranking of the crime seriousness classification. ORS 138.060(5); ORS 138.222(4)(b). Defendant cross-appeals, assigning error to the court's refusal to exclude the testimony of one of the state's witnesses about whether he believed an out-of-court declaration by another witness. We affirm on the appeal and on the cross-appeal.

Defendant was charged with burglary I and robbery II. ORS 164.225; ORS 164.405. The state's theory was that defendant and Finnel entered the motel room of St. John, assaulted St. John and stole some heroin. The jury convicted him of burglary and acquitted him of robbery.

In his cross-appeal,[1] defendant contends that the court erred in allowing Officer Fieman to testify about his investigative contacts with one of the state's witnesses, Sylten. Fieman testified that he first interviewed Sylten on October 25 and that, at that time, she presented a version of the events at the motel that did not implicate defendant in any criminal activity. Over defendant's objection, the prosecutor then elicited this testimony:

"Q. And then your next interview with her occurred in the D.A.'s office on November 28th; is that right?

"A. That's correct.

"Q. And if I understand your testimony, what she said at the beginning of her November 28th interview was similar to what she told you on October 25th?

"A. Exactly.

"Q. Okay. Did you tell her whether you believed her statements or not?

"A. I told her I didn't believe her; that I had information she was involved in this and I believed that she was lying.

"Q. And how did she respond to that?

"A. She broke down and started crying.

"* * * * *

---

[1] We address defendant's cross-appeal first because, if he is entitled to a new trial, the state's appeal would be moot.

"Q.   And after she broke down, basically she confessed to her involvement in the crime; is that right?

"A.   She confessed to her involvement in the crime."

Defendant contends that that testimony "logically and foreseeably led the factfinder to the conclusion that Fieman did not believe Sylten's initial account and, by implication, did believe her 'confession,' the account that implicated defendant * * *." Therefore, defendant argues, Fieman impermissibly commented on Sylten's credibility.

In *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983), the court said:

> "[A] witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth. We reject testimony from a witness about the credibility of another witness * * *."

Subsequently, the court clarified that the point of *Middleton* was only to preclude testimony by *one trial witness* about whether *another trial witness*' testimony in court is truthful. *State v. Odoms*, 313 Or 76, 82, 829 P2d 690 (1992). That did not happen here.

██  In its appeal, the state contends that the trial court erred in ranking the seriousness of defendant's burglary I conviction as a category 7 offense instead of as a category 9 offense. As part of the burglary I count, the indictment alleged that, "during the commission of the above-described crime, defendant caused or threatened physical injury to the above-named victim." The state added that allegation pursuant to ORS 135.711. If it proved that allegation beyond a reasonable doubt, the crime-seriousness ranking of burglary I increased from category 7 to category 9 on the sentencing guidelines grid. OAR 253-04-001. As part of its verdict, the jury made a special finding that defendant did not personally cause or threaten physical injury to the victim, but aided and abetted Finnel, who did.

Because the jury specifically found that defendant did not personally cause or threaten physical injury to St. John, his burglary I conviction could not be ranked as a category 9 offense, unless he could be held vicariously liable for Finnel's conduct. A defendant cannot be held vicariously liable for conduct that serves only to subclassify a crime

under the sentencing guidelines. *State v. Lark*, 113 Or App 458, 833 P2d 1286 (1992). Accordingly, the court did not err.

Affirmed on appeal and on cross-appeal.