Argued and submitted March 5, decision of the Court of Appeals affirmed in part and reversed in part; judgment of the circuit court affirmed May 20, 1993

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## JASON LEON LARK,
*Respondent on Review.*

(CC C89-12-37103; CA A67396; SC S39550)

851 P2d 1114

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With Robert B. Rocklin, Assistant Attorney General, Salem, on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for respondent on review.

GRABER, J.

## GRABER, J.

In this criminal case, we are called on to apply "offense subcategories" provided in the Oregon sentencing guidelines, OAR chapter 253, division 4. OAR 253-04-001 provides in part:

"(1) The [sentencing guidelines] grid is a two-dimensional offense and criminal history classification tool. The grid's vertical axis is the Crime Seriousness Scale which classifies current crimes of conviction. The grid's horizontal axis is the Criminal History Scale which classifies criminal histories.

"(2) Each grid block states the presumptive sentence for an offender whose crime of conviction and criminal history place him or her in that grid block."

OAR 253-04-002 provides in part:

"(1) The Crime Seriousness Scale consists of eleven categories of crimes. Each crime category represents crimes of relatively equal seriousness. * * *

"(2) When the statutory definition of an offense includes a broad range of criminal conduct, the offense may be subclassified factually in more than one crime category [of the Crime Seriousness Scale] to capture the full range of criminal conduct covered by the statutory offense. The list of subclassified offenses is set forth as Appendix 3."

Defendant was charged with first degree burglary, ORS 164.225.[1] The indictment alleged that the offense "occurred in an occupied dwelling." Trial was to the court on stipulated facts. Defendant stipulated that he knowingly

---

[1] ORS 164.225 provides:

"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool * * * or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon.

"(2) Burglary in the first degree is a Class A felony."

ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

aided and abetted an accomplice in committing the burglary of an occupied dwelling, but that he did not enter the dwelling personally.

Defendant was convicted. Based on defendant's criminal history and on the sentencing guidelines offense subcategory relating to first degree burglary in an occupied dwelling,[2] the trial court determined that defendant's conviction fell within grid block 8-F of the sentencing guidelines grid. OAR chapter 253, division 4, Appendix 1. The court sentenced defendant accordingly.

■ On appeal,[3] defendant argued that the offense subcategories provided in the sentencing guidelines are "sentence enhancements" to which accomplice liability does not attach and that, because he did not enter the dwelling

---

[2] OAR chapter 253, division 4, Appendix 3, provides in part:

"OFFENSE SUBCATEGORIES

"* * * * *

"BURGLARY I (ORS 164.225)

"*CRIME CATEGORY 9*

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.) the offender was armed with a deadly weapon; or

"b.) the offender caused or threatened physical injury to the victim.

"*CRIME CATEGORY 8*

"Burglary I shall be ranked at crime category 8 if

"a.) the offender did not cause or threaten physical injury to the victim and did not possess a deadly weapon (CC [Crime Category] 9); but

"b.) *the offense was committed in an occupied dwelling*.

"*CRIME CATEGORY 7*

"Burglary I shall be ranked at Crime Category 7 if it cannot be ranked at Crime Category 8 or 9." (Emphasis added.)

Defendant committed the burglary on or about November 13, 1989. ORS 137.120(2) provides:

"Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board."

[3] ORS 138.222(4)(b) provides:

"In any appeal, the appellate court may review a claim that:

"* * * * *

"(b) The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

personally during the burglary for which he was convicted, the offense subcategory based on that factor should not have been applied to him.

In response, the state argued that, because a factor on which an offense subcategory is based must be pleaded specially in the indictment and must be proved by the state beyond a reasonable doubt at trial,[4] such a factor has the status of an element of an offense. Therefore, the state argued, under ORS 161.155 (providing for accomplice liability),[5] a defendant who aids and abets an offense is liable for the accomplice's conduct constituting the offense subcategory. Alternatively, the state argued that a defendant who is criminally liable under ORS 161.155 is liable for any offense-subcategory factor that does not involve *conduct* but that, instead, describes *circumstances* related to the offense.

The Court of Appeals concluded that factors on which offense subcategories are based "go to sentencing enhancement" and that there is no basis in Oregon law for vicarious enhancement of a sentence. *State v. Lark*, 113 Or App 458, 463-64, 833 P2d 1286 (1992). The court affirmed defendant's conviction but remanded the case for resentencing. *Id.* at 464. This court allowed review in this and another

---

[4] ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rules of the State Sentencing Guidelines Board."

*See also State v. Quinn*, 290 Or 383, 406, 623 P2d 630 (1981) (facts that go to the criminal act for which a defendant is being punished must be proved beyond a reasonable doubt to a jury, unless admitted or waived).

[5] ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1) The person is made criminally liable by the statute defining the crime; or

"(2) With the intent to promote or facilitate the commission of the crime the person:

"(a) Solicits or commands such other person to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(3) Having a legal duty to prevent the commission of the crime, fails to make an effort the person is legally required to make."

case[6] to answer the question of regulatory interpretation presented. We reverse the decision of the Court of Appeals as to defendant's sentence.

In interpreting a statute or regulation, our task is to ascertain the intent of the body that promulgated it. ORS 174.020; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). *See also Columbia Steel Castings Co. v. City of Portland*, 314 Or 424, 430, 840 P2d 71 (1992) (principles of statutory construction also apply to "discrete sets of administrative rules that deal with a particular topic"). We begin with the text and context of the statute or regulation.[7] ORS 174.010; *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993).

OAR 253-04-001, quoted above, generally describes the sentencing guidelines grid. OAR 253-04-002, quoted above, generally provides for the classification and subclassification of offenses on the Crime Seriousness Scale. Neither of those provisions explains the bases for the subclassification of offenses or explains how the resulting subcategories are to be applied to defendants who are accomplices. We turn next to the text of the subcategories themselves, found in OAR chapter 253, division 4, Appendix 3. Appendix 3 subclassifies various types of offenses, including offenses against the state and public justice, ORS chapter 162; offenses against persons, ORS chapter 163; offenses against property, ORS chapter 164; and offenses relating to stolen vehicles, ORS chapter 819.[8]

As are most of the subclassified offenses against persons,[9] three offenses against property are subclassified on

---

[6] *See State v. Flanigan*, 316 Or 329, 851 P2d 1120 (1993), also decided this date.

[7] The sentencing guidelines were promulgated by the State Sentencing Guidelines Board, which was established by the Legislative Assembly in 1987 and which consists of the director of the State Council on Crime and Delinquency and members of the Oregon Criminal Justice Council. Or Laws 1987, ch 619, § 3; ORS 137.663. In 1989, the Legislative Assembly approved the sentencing guidelines promulgated by the Board. Or Laws 1989, ch 790, § 87. We have reviewed the legislative history of legislation relating to the guidelines, including 1987 HB 2715, 1989 SB 1073, and 1989 HB 2250, but that history does not assist us in the present inquiry.

[8] Drug offenses, ORS chapter 475, are subclassified separately in OAR chapter 253, division 4, Appendix 4.

[9] Subclassified offenses against persons include assault in the first degree, ORS 163.185; coercion, ORS 163.275; rape, ORS 163.375; sodomy in the first degree, ORS 163.405; sexual penetration with a foreign object, ORS 163.411; incest, ORS

the basis of whether the offense involved injury or threats of injury to persons. Those three offenses against property are theft by extortion, ORS 164.075, arson in the first degree, ORS 164.325, and burglary in the first degree, ORS 164.225, which is at issue here.

The wording of the subclassifications of those offenses varies. The subclassification of theft by extortion is based on whether *"the offender threatened* to cause physical injury to some person." OAR chapter 253, division 4, Appendix 3 (emphasis added). The subclassification of burglary in regard to threat to persons is based on whether *"the offender was armed* with a deadly weapon" or whether *"the offender caused or threatened to cause* physical injury." *Ibid.* (emphasis added). *See* note 1, *supra,* for the complete text of the offense subcategories of burglary in the first degree. In contrast, the subclassification of arson in regard to injury to persons is based on whether *"the commission of the offense* represented a serious threat to human life." *Ibid.* (emphasis added). In addition, the three listed offenses and a number of other property offenses (such as forgery, ORS 165.013, and credit card fraud, ORS 165.055) are subclassified according to the value of the property affected.

Several offenses of various types are subclassified on the basis of whether *"the offender was acting* as part of an organized [criminal] operation." OAR chapter 253, division 4, Appendix 3 (emphasis added). Those offenses include theft by receiving, ORS 164.095, trafficking in stolen vehicles, ORS 819.310, and transporting child pornography into the state, ORS 163.673.

Finally, certain subclassifications are based on factors uniquely related to the nature of the respective offenses. For example, assault in the first degree, ORS 163.185, is subclassified on the basis of whether the victim substantially contributed to the commission of the offense. OAR chapter

---

163.525; and abandonment of a child, ORS 163.535. Subclassifications of rape, sodomy, and sexual penetration with a foreign object are based on whether "the offender used or threatened to use a weapon" and whether "the offender caused or threatened to cause serious physical injury" to the victim; those offenses are also subclassified on the basis of the age of the victim. Abandonment of a child is subclassified on the basis of whether "the child victim was placed in immediate danger as a consequence of the offender's criminal conduct."

253, division 4, Appendix 3. Incest, ORS 163.525, is subclassified on the basis of the age of the participants and the age difference between them. *Ibid.* Supplying contraband, ORS 162.185, is subclassified on the basis of whether the contraband is a firearm, some other type of dangerous weapon, or a controlled substance. *Ibid.* Two offenses relating to buildings are subclassified partly on the basis of whether the building was occupied: arson is subclassified partly on the basis of whether *"the building* was unoccupied"; and, as previously stated, burglary is subclassified partly on the basis of whether *"the offense* was committed in an occupied building." *Ibid.* (emphasis added).

In summary, on the basis of various factors, certain criminal offenses — including burglary in the first degree — are subclassified on the Crime Seriousness Scale. OAR chapter 253, division 4, Appendix 3. Appendix 3 does not explain how the resulting subcategories are to be applied to defendants who are accomplices. By their terms, however, the factors on which the subcategories are based are expressed in two different ways. Some factors describe *conduct of the offender.* Other factors describe *circumstances attendant on, or resulting from, the commission of the offense.* That distinction in phrasing discloses the intent of the State Sentencing Guidelines Board (the Board) regarding the application of the subcategories. *See State v. Adams,* 315 Or 359, 365, 847 P2d 397 (1993) (court regards as significant the fact that legislature used different wording in related portions of a sentencing guidelines statute). *See also* ORS 174.010 (in construing a statute, duty of this court is to ascertain and declare what is in substance contained therein, not to omit what has been inserted or insert what has been omitted); *Perlenfein and Perlenfein, supra,* 316 Or at 22-23 (when a legislature or agency uses a particular term in one provision of a statute or regulation, but omits that same term in a parallel and related provision, this court infers that the legislature or agency did not intend that the term apply in the provision from which the term is omitted).

The Board appears to have chosen its words carefully. For example, an early version of the factors on which Crime Category 8 of Burglary I is based stated:

"a.) *the offense* did not cause or threaten physical injury to the victim nor did the offender possess a deadly weapon (CC [Crime Category] 9); but

"b.) the offense was committed in an occupied building." (Emphasis added.)

During consideration of the guidelines, the emphasized phrase in subsection a. was amended to *"the offender,"* while the phrase "the offense" in subsection b. was retained. Minutes, Oregon Criminal Justice Council, May 18, 1989, p 8 and accompanying Proposed Technical Amendments, App C, p 4 (emphasis added).

■■ We must interpret the sentencing guidelines to effectuate the legislative intent. When a factor describes conduct of the offender — such as, "the offender caused or threatened to cause serious physical injury to the victim" — then the subcategory based on that factor applies to a defendant only if the defendant personally engaged in the described conduct.

■ In contrast, when a factor describes a circumstance attendant on, or resulting from, the commission of the offense — such as, "the offense was committed in an occupied dwelling" — then the subcategory based on that factor applies to a defendant whenever that circumstance attends, or results from, the commission of the offense, whether or not the defendant personally caused the circumstance. In this situation, it does not matter whether or not a defendant is convicted as a principal; it is enough that the circumstance, described in the factor on which the relevant offense subcategory is based, exists.

The state argues that the official commentary to the sentencing guidelines suggests that accomplice liability attaches to all factors, even those expressed in terms of the offender's conduct. In the portion of the commentary on which the state relies, the Oregon Criminal Justice Council (Council) explains that three "rules" were applied in the subclassification of offenses. The first rule concerns the priority given, in ranking crime seriousness, to the "harm or threat of harm to the societal interests the legislature intended to protect by making the particular conduct a crime." The second rule enumerates, in order of importance, those societal interests: protecting the individual from

personal assault; protecting individual rights to property; and protecting the integrity of governmental institutions. The third rule states:

> "Except where specific intent is a statutory element of the offense, *specific facts indicating the offender's personal blameworthiness in an individual case should only be considered to determine whether aggravating or mitigating circumstances exist.*"

Oregon Criminal Justice Council, Oregon Sentencing Guidelines Implementation Manual 12 (September 1989) (emphasis added).

■    The meaning of the quoted passage from the commentary is not entirely clear, although it appears to refer only to the offender's mental state in committing crimes that can be committed with differing mental states. In any event, the commentary does not supersede the plain meaning of the regulations. Some factors clearly require that "*the offender*" engage in the described conduct.

Moreover, in discussing OAR 253-08-002(2),[10] relating to the use of aggravating and mitigating factors in imposing a departure sentence, the Council gave the following example specifically related to Burglary I, the offense at issue here:

> "EXAMPLE: The defendant is convicted of Burglary I ranked at Crime Category 8 because the dwelling was occupied at the time of the burglary. Because *the fact of occupancy elevates Burglary I from Crime Category 7 to Crime Category 8*, the fact of occupancy may not be relied on as an aggravating factor to support a departure sentence."

Oregon Sentencing Guidelines Implementation Manual, *supra*, at 132-33 (emphasis added). In giving that example, the Council had the opportunity to distinguish the situation in which a defendant did not enter the occupied dwelling personally. The Council did not do so. To the contrary, the

---

[10] OAR 253-08-002(2) provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

commentary states that "the fact of occupancy," without more, elevates the offense to the higher subcategory based on that circumstance.

Here, defendant was convicted of burglary in the first degree. He was placed in Crime Category 8 of Burglary I based on the undisputed fact that "the offense was committed in an occupied building." That fact, without more, was sufficient to place defendant's offense in Crime Category 8.

Defendant argues that this court's holding in *State v. Wedge*, 293 Or 598, 652 P2d 773 (1982), suggests a different conclusion. His reliance on that case is misplaced. In *Wedge*, the defendant was convicted of robbery, burglary, assault, and theft. The trial court merged his convictions and sentenced him to 20 years imprisonment for robbery. Because a firearm was used during the commission of the crime, the court imposed a five-year minimum term of imprisonment, as then provided in ORS 161.610 (1981).[11] *Id.* at 600-03. On review, this court held that, because the indictment did not allege, and the jury did not find, that the defendant had used the firearm personally, the defendant was unconstitutionally deprived of a jury trial on that issue. *Id.* at 608-09. Interpreting ORS 161.610 (1981), the statute at issue in that case, the court noted that

"an enhanced penalty can be given only to a person who has actual physical possession of a gun during the commission of a felony because there is no statutory basis for enhanced penalty based on vicarious liability." *Id.* at 604 (citing *State v. Hicks*, 38 Or App 97, 589 P2d 1130 (1979)).

ORS 161.610 (1981) differed in a crucial respect from the offense subcategory here. ORS 161.610 expressly required the conduct to have been engaged in by "the defendant." Crime Category 8(b) of Burglary I is based on a factor

---

[11] ORS 161.610 (1981) provided in part:

"(4) Notwithstanding the provisions of ORS 161.605 [relating to maximum prison terms for felonies] or [former] ORS 137.010(2) [relating to suspension of sentences], if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. Except as provided in subsection (6) of this section, in no case shall any person punishable under this section become eligible for work release or parole until the minimum term of imprisonment is served * * *."

that does not so require. Instead, that factor requires only the existence of a specified circumstance.

The existence of the circumstance described in Crime Category 8(b) of Burglary I was alleged and proved here. The trial court properly applied that offense subcategory to defendant. The court did not err in that respect in placing defendant in grid block 8-F of the sentencing guidelines grid or in sentencing him accordingly.[12]

The decision of the Court of Appeals is affirmed as to defendant's conviction and reversed as to defendant's sentence. The judgment of the circuit court is affirmed.

---

[12] Defendant's placement on the Criminal History Scale is not at issue. Neither does defendant challenge the sentence if the grid block is correct.