Argued and submitted March 5, decision of the Court of Appeals affirmed in part on different grounds; judgment of the circuit court affirmed May 20, 1993

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## MICHAEL PHILLIP FLANIGAN,
*Respondent on Review.*

(CC CM90-0797; CA A68280; SC S39618)

851 P2d 1120

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With Robert B. Rocklin, Assistant Attorney General, Salem, on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for respondent on review.

GRABER, J.

## GRABER, J.

The issue in this criminal case is the application of the offense subcategories of Burglary I provided in the Oregon sentencing guidelines, OAR chapter 253, division 4.

Defendant was charged with burglary in the first degree, ORS 164.225,[1] and robbery in the second degree, ORS 164.405. The accusatory instrument alleged that, during the commission of the burglary, "defendant caused or threatened physical injury to the * * * victim."

A jury convicted defendant of burglary but acquitted him of robbery. In its verdict, the jury made a special finding that defendant personally did *not* cause or threaten to cause physical injury to the victim, but that he aided and abetted another person who engaged in that conduct. Based on that finding, the trial court placed defendant's offense in Crime Category 7 on the sentencing guidelines Crime Seriousness Scale and sentenced him accordingly.[2]

---

[1] ORS 164.225 provides:

"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool * * * or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon.

"(2) Burglary in the first degree is a Class A felony."

ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

[2] OAR chapter 253, division 4, Appendix 3, provides in part:

"OFFENSE SUBCATEGORIES

"* * * * *

"BURGLARY I (ORS 164.225)

*"CRIME CATEGORY 9*

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.) the offender was armed with a deadly weapon; or

"b.) *the offender caused or threatened physical injury to the victim.*

"* * * * *

The state appealed, arguing that a burglary in which the victim is physically injured or is threatened with physical injury properly is ranked at Crime Category 9, whether or not the defendant personally caused or threatened to cause the injury. The state argued that a defendant's personal role in causing or threatening to cause physical injury to the victim is relevant only to the trial court's determination whether to impose a "departure" sentence on the defendant. *See* OAR 253-03-001(5) and 253-08-002 (relating to the imposition of a sentence that departs from the presumptive sentence for an offense under the sentencing guidelines).

In response, defendant argued that the subclassification of burglary at issue in this case was based on "personal conduct of 'the offender' " and that he could not be held vicariously liable for the conduct of his accomplice in that regard. Defendant also cross-appealed, arguing that the trial court erred in admitting certain testimony by one of the state's witnesses.

The Court of Appeals held that the trial court did not err in admitting the challenged evidence. *State v. Flanigan*, 114 Or App 50, 53, 834 P2d 472 (1992). The court also concluded that, because the jury found that defendant personally did not cause or threaten to cause physical injury to the victim, defendant's burglary conviction could not be ranked at Crime Category 9 unless he could be held vicariously liable for the conduct of his accomplice. *Ibid.* Relying on its holding in *State v. Lark*, 113 Or App 458, 833 P2d 1286 (1992), the court held that a defendant "cannot be held vicariously liable for conduct that serves only to subclassify a crime under the sentencing guidelines." 113 Or App at 53-54. We allowed the state's petitions for review in this case and in *State v. Lark* in order to answer the question of regulatory

---

"*CRIME CATEGORY 7*

"Burglary shall be ranked at Crime Category 7 if it cannot be ranked at Crime Category 8 or 9." (Emphasis added.)

The offense in this case was committed on or about October 17, 1990. ORS 137.120(2) provides:

"Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board."

interpretation presented.[3] We affirm the decision of the Court of Appeals, in part on different grounds.

In *State v. Lark*, 316 Or 317, 851 P2d 1114 (1993), decided this date, this court examined the text of OAR chapter 253, division 4, Appendix 3, which sets forth the offense subcategories. We noted that some offense subcategories are based on factors that describe *conduct of the offender*, while other subcategories are based on factors that describe *circumstances attendant on, or resulting from, the commission of the offense*. 316 Or at 324. We concluded that that distinction in the manner of expression of the offense subcategory factors disclosed the intent of the State Sentencing Guidelines Board, the agency that promulgated the sentencing guidelines. *Ibid.* We held:

> "When a factor describes conduct of the offender — such as, 'the offender caused or threatened to cause serious physical injury to the victim' — then the subcategory based on that factor applies to a defendant only if the defendant personally engaged in the described conduct.

> "In contrast, when a factor describes a circumstance attendant on, or resulting from, the commission of the offense — such as, 'the offense was committed in an occupied dwelling' — then the subcategory based on that factor applies to a defendant whenever that circumstance attends, or results from, the commission of the offense, whether or not the defendant personally caused the circumstance. In this situation, it does not matter whether or not a defendant is convicted as a principal; it is enough that the circumstance, described in the factor on which the relevant offense subcategory is based, exists."

*Id.* at 325.

■■ We apply that holding to the offense subcategory at issue in this case. Defendant was convicted of burglary in the first degree. The offense subcategory factor relating to causing, or threatening to cause, physical injury to the victim of a burglary, describes conduct of the offender. The subcategory based on that factor applies to a defendant only if the defendant personally engaged in the described conduct.

---

[3] Defendant did not petition for review of the Court of Appeals' holding regarding the admission of evidence. Therefore, we do not consider that issue.

The jury in this case found that defendant did not engage in such conduct personally. That being so, the sub-category cannot be applied to him. The trial court did not err in placing defendant's offense in Crime Category 7 or in sentencing him accordingly.

The decision of the Court of Appeals is affirmed, in part on different grounds. The judgment of the circuit court is affirmed.