Argued and submitted September 22, convictions affirmed; remanded for
resentencing November 5, 1997

STATE OF OREGON,
*Respondent,*

*v.*

JESSEY D. O'QUINN,
*Appellant.*

(F95-111138C and F95-121325C;
CA A92023 (Control) and A92024)
(Cases Consolidated)

947 P2d 1135

Jay Edwards argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, and Tammy Hawkins, Certified Law Student, argued the cause for respondent. With them on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

After a trial to the court, defendant was found guilty of two counts of burglary in the first degree. ORS 164.225.[1] At sentencing, the court enhanced the sentences on the convictions from crime category 7 to category 9 on the ground that the state alleged and proved that defendant was armed with a deadly weapon in the commission of the offenses. OAR 253-04-002(2), App 3. Defendant appeals and assigns error to the sentencing classifications, arguing that the state failed to prove that he was armed with a deadly weapon and that, therefore, the court was required to rank the offenses in crime category 7. We review the claim that the sentencing court erred in ranking the crime seriousness classification as a question of law, ORS 138.222(4)(b), and remand for resentencing.

Defendant and a codefendant (who is not a party to this appeal) unlawfully entered the dwellings of Nielsen and Coalwell. Firearms were stolen during each burglary, and it is the possession of those firearms on which the state relies as evidence to support the sentence enhancement allegations. For purposes of analyzing the propriety of enhancing defendant's sentences, we will discuss the burglaries separately, beginning with the burglary of the Nielsen residence.

In the accusatory instrument, the state charged:

*"THIS OFFENSE HAS SENTENCING SUBCATEGORIES*

"The defendants, on or about October 23, 1995, in Union County, Oregon, did unlawfully and knowingly enter and/or remain in a dwelling located at * * * (William Nielsen's residence) with the intent to commit the crime of theft therein;

---

[1] The elements of the crime of burglary in the first degree are set forth in ORS 164.225, which provides, in part:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in the building or in immediate flight therefrom the person:

"(a) Is armed * * * with a deadly weapon."

ORS 164.215 provides, in part:

"[A] person commits burglary in the second degree if the person enters or remains unlawfully in a building with the intent to commit a crime therein."

contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"The State further alleges that *during the commission of the above-described crime,* defendants were armed with a deadly weapon." (Emphasis supplied.)

It is important to note that the accusatory instrument charges the elements of burglary in the first degree of a dwelling. ORS 164.225 provides for other factual circumstances under which the state could charge burglary in the first degree, including "if in effecting entry or while in a building or in immediate flight therefrom, the person * * * is armed with * * * a deadly weapon." In this case, the allegation that defendant was armed with a deadly weapon is not charged as an element of the offense but is specially pled in accordance with ORS 132.557[2] as a subcategory fact for the purpose of enhancing the sentence. The relevant subcategory is found in OAR 253-04-002(2), App 3, which provides, in part:

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were *included in the commission of the offense*:

"(a)   the offender was armed with a deadly weapon[.]" (Emphasis supplied.)

Under ORS 132.557(2), the state must prove a subcategory fact beyond a reasonable doubt. Thus, the state bears the burden of proving that, during the commission of the offense as charged, defendant "was armed with a deadly weapon." The court made the following findings regarding the Nielsen burglary:

---

[2] ORS 132.557 provides:

"(1)  When a person is charged with a crime committed on or after November 1, 1989, that includes subcategories under the rules of the Oregon Criminal Justice Commission, the state is required to plead specially in the indictment, *in addition to the elements of the crime, any subcategory fact on which the state intends to rely to enhance the crime for sentencing purposes.* The state shall plead the elements and subcategory facts in a single count. Nothing in this subsection precludes the pleading of alternative theories.

"(2)  The state must prove each subcategory fact beyond a reasonable doubt and the jury shall return a special verdict of 'yes' or 'no' on each subcategory fact submitted." (Emphasis supplied.)

"Now, as to the Nielsen burglary, I am finding that it was [codefendant] who specifically stole the pistols and I am accepting Mrs. Nielsen's testimony that those pistols did have, or one of them, one of the pistols in fact had a clip in it and hence was a deadly weapon. * * * I am finding that [defendant] and [codefendant] went into that Nielsen residence together, and that it was stipulated to, and that they ended up in the [getaway] car together and that the proceeds were looked at and that the pistol was jointly possessed by [defendant] and [codefendant]."

Based on those findings, the court concluded:

"Under * * * *State v. Mustain*, [66 Or App 367, 675 P2d 494 (1984)], both of them did jointly possess this deadly weapon back in the car and that joint possession, I'm finding factually that they possessed * * * deadly weapons from * * * the Nielsen burglary * * * in the vehicle and so there is joint responsibility and consequences under the *Mustain* holding."

In order to determine whether defendant was armed with a deadly weapon during the commission of the offense, we turn to the evidence before the court about when defendant came into possession of the firearm. The court did not find that defendant stole the firearm from the Nielsen residence. Defendant did not come into possession of it until after he had left the residence and was in a car some distance from the residence. Thus, there is no evidence that defendant was armed while unlawfully entering or remaining in the dwelling as required by OAR 253-04-002(2), App 3.

Moreover, the court's reliance on *State v. Mustain*, 66 Or App 367, 675 P2d 494 (1984), was misplaced. In *Mustain*, the defendant broke into a hardware store and stole a shotgun. The state charged the defendant with burglary in the first degree on the theory that "while in immediate flight from said building, the said defendant was armed with a deadly weapon." *Id*. at 369. The defendant moved for an acquittal on the ground that the evidence did not show that he was armed with a deadly weapon during the burglary. The trial court denied his motion, and we affirmed. We held that, although the state had failed to prove that the shotgun was loaded and, thus, a deadly weapon, evidence that the police found a loaded pistol in the car in which defendant fled the

burglary scene was sufficient to prove the state's allegation under ORS 164.255. In contrast, the state in this case did not charge defendant with being armed with a deadly weapon while in immediate flight from a building. Rather, it charged him with the crime of unlawfully entering and remaining in a dwelling and alleged, as a subcategory factor, that he was armed with a deadly weapon during the commission of that offense.

The state's reliance on appeal on *State v. Minter*, 146 Or App 643, 934 P2d 585 (1997), also is misplaced. In *Minter*, we held that, under the law as it then existed, the state was not required specifically to plead, for the purpose of enhancing a sentence, a fact that had already been alleged as an element of the offense. In this case, the subcategory fact that the state specially pled to enhance the sentence is discrete from the elements of the offense as charged. In sum, because the court did not find that defendant was personally armed with a deadly weapon during the commission of the crime, the state did not prove its allegations beyond a reasonable doubt.

■        Alternatively, the court reasoned that because both offenders were in the Nielsen dwelling and the codefendant stole the loaded firearm, defendant was vicariously liable for the conduct of the codefendant. In *State v. Lark*, 316 Or 317, 851 P2d 1114 (1993), the Supreme Court exhaustively analyzed when accomplice liability attaches for the purpose of enhancing a sentence under the Oregon Sentencing Guidelines. The court concluded:

"When a factor describes conduct of the offender—such as— '*the offender* caused or threatened to cause serious physical injury to the victim'—then the subcategory based on that factor applies to a defendant *only if the defendant personally engaged in the described conduct.*

"In contrast, when a factor describes a circumstance attendant on, or resulting from, the commission of the offense—such as, 'the offense was committed in an occupied dwelling'—then the subcategory based on that factor applies to a defendant whenever that circumstance attends, or results from, the commission of the offense, whether or not the defendant personally caused the circumstance. In this situation, it does not matter whether or not a defendant

is convicted as a principal; it is enough that the circumstance, described in the factor on which the relevant offense subcategory is based, exists." (Emphasis supplied.) *Id.* at 325.

In this case, the accusatory instrument alleged the subcategory factor under OAR 253-04-002(2), App 3, that "defendants were armed with a deadly weapon." Under *Lark*, the state must prove that defendant personally engaged in the described conduct, *i.e.*, that defendant personally was armed with a deadly weapon during the commission of the offense. The factor alleged is not a circumstance attendant to the dwelling, but describes a personal act by defendant. According to the court's findings, only the codefendant was personally armed. For those reasons, we hold that the court's conclusion that defendant was vicariously liable for the conduct of his codefendant was error and that defendant's sentence cannot be enhanced under the circumstances.

■     Regarding the Coalwell burglary, the state alleged:

*"THIS OFFENSE HAS SENTENCING SUBCATEGORIES*

"The defendants, on or about October 10, 1995, in Union County, Oregon, did unlawfully and knowingly enter and/or remain in a dwelling located at * * * [Brian Coalwell's residence] with the intent to commit the crime of theft therein; contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"The State further alleges that during the commission of the above-described crime, defendants were armed with a deadly weapon."

The court found:

"I am specifically finding that * * * both individuals not only went into the Coalwell residence, but they stole a number of pistols as * * * were set forth in Exhibits 1, 2, 3, and 5, I believe and the Exhibits 4 and 6 were bullets stolen from the Coalwell residence. Additionally, I am finding that the Glock pistols as shown in the picture, the photograph Exhibit Number * * * 34, were stolen by [codefendant] and [defendant]. I specifically reject any of the testimony from either one of them that, that particular loaded weapon was not stolen by them but was stolen later by Mr. Teeter. The basis for that decision is the reference that [defendant]

made in his confession to Officer Wes Kilgore that the Glock pistol was, was taken. * * * The Glock, the loaded Glock pistol was also possessed in the, I'm finding was possessed in the Teeter vehicle when all three of them were in the vehicle dividing up weapons, and I also accept the testimony of Mr. Smage that he saw both Mr. Teeter and [codefendant] with that loaded pistol approximately a week or two later and it was loaded and there were references to cop killing bullets. So, I, I do find that they transported it, they were both stealing it, he knew where both pistols, from the Coalwell residence [sic]. *I cannot say who stole what particular weapon but I am again finding that the Glock weapon was included. * * * And I want to make it clear that I am finding that the Glock pistol was loaded and was a deadly weapon.*

"* * * * *

"In the Coalwell case I'm finding again they did it jointly and *I can't distinguish between who took the Glock and who didn't take the Glock.*"[3] (Emphasis supplied.)

Because the court could not determine who stole the deadly weapon from the Coalwell residence, the state failed to prove beyond a reasonable doubt that *defendant* personally was armed with a deadly weapon during the commission of the crime. We have ruled already that defendant's sentence could not be lawfully enhanced based on vicarious liability or based on the later possession of the pistol in the car. We conclude that the court committed error by ranking the two burglary offenses at Crime Category 9.

Convictions affirmed; remanded for resentencing.

---

[3] The state makes much of the evidence that defendant admitted that he possessed other unloaded firearms and an ammunition clip while in the Coalwell dwelling. However, the only firearm that the court found that the state had proven to be a deadly weapon was the Glock pistol, and that finding is the fact on which it based the enhanced sentence.