Argued and submitted September 3, 1997, convictions affirmed; remanded for
resentencing February 25, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH GALE HURST,
*Appellant.*

(F95 11-1137C, F95 12-1324C;
CA A91941 (Control), CA A91942)
(Cases Consolidated)

955 P2d 338

Christopher J. Eggert argued the cause for appellant. On the brief was John S. Richardson.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant and codefendant O'Quinn were charged with multiple counts of burglary, ORS 164.225, and theft, ORS 164.055, arising out of two separate incidents of burglaries of different homes, during which guns were stolen. After trial to the court, both defendant and O'Quinn were found guilty of, among other crimes, two counts of burglary in the first degree (Counts I and II). At sentencing, the court enhanced defendant's sentences on Counts I and II from crime category 7 to category 9 on the ground that the state had shown that defendant was armed with a deadly weapon in the commission of the offenses. OAR 213-04-002(2), App 3.[1] Defendant appeals and assigns error to the sentencing classification for the two burglary counts, arguing that the state failed to prove that he was armed with a deadly weapon and that, therefore, the court was required to rank the offenses in crime category 7. We review the assignment as a question of law, ORS 138.222(4)(b), conclude that the court erred, and remand for resentencing.

As to the first burglary, charged as Count I, the trial court found that defendant and O'Quinn stole a number of pistols and bullets and a loaded "Glock" pistol.

> "I do find that they transported [the Glock], they were both stealing it[.] * * * I cannot say who stole what particular weapon but I am again finding that the Glock weapon was included. * * * And I want to make it clear that I am finding that the Glock pistol was loaded and was a deadly weapon."

As to the second burglary, charged as Count II, defendant testified that he alone took the guns and that he took some .22 shells for hunting rifles. The court found:

> "Now, as to the [second] burglary, I am finding that it was [defendant] who specifically stole the pistols and I am accepting * * * testimony that those pistols did have, or one

---

[1] OAR 213-04-002(2), App 3, provides, in part:

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were [sic] included in the commission of the offense:

"(a)  the offender was armed with a deadly weapon[.]"

of them, one of the pistols in fact had a clip in it and hence was a deadly weapon."

After oral argument of this case, on November 5, 1997, we decided *State v. O'Quinn*, 151 Or App 168, 947 P2d 1135 (1997), involving the appeal of codefendant O'Quinn. We held that the court must find that a defendant was "personally armed with a deadly weapon during the commission of the crime" to justify an enhanced sentence from category 7 to category 9. 151 Or App at 168. We held that, because the trial court could not resolve whether defendant or O'Quinn stole the loaded Glock handgun, the state had failed to meet its burden of proof under ORS 135.557(2) justifying the enhanced sentence. The same reasoning applies here. The state concedes that the court erred in applying the enhanced sentence to Count I, and we agree.

As to Count II, the court made an express finding that *only* defendant had stolen the weapons in the second burglary. That finding justifies the enhanced sentence on Count II.

Convictions affirmed; remanded for resentencing.