STATE OF OREGON,
*Respondent,*

*v.*

SCOTT DEAN WADEKAMPER,
*Appellant.*

(41266; CA A28310)

683 P2d 168

Gary D. Babcock, Public Defender, and Helen I. Bloch, Salem, argued the cause and filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for possession of a controlled substance. He contends that the charge should have been dismissed, because it violates state constitutional and statutory prohibitions concerning former jeopardy. We affirm.

On July 16, 1982, defendant was stopped in Corvallis for suspicion of driving under the influence of intoxicants. During the booking process, a small quantity of hashish was discovered on defendant's person. He was charged by information with possession of a controlled substance. The charging language reads:

> "That defendant, on or about July 16, 1982, in the County of Benton, State of Oregon did unlawfully and knowingly possess marijuana, a controlled substance in schedule I."

On August 19, 1982, defendant appeared for a preliminary hearing in district court. At that time, he moved to challenge the information, contending that it should be read as charging him with possession of less than an ounce of marijuana, ORS 475.992(4)(f), a violation, rather than a Class B felony, ORS 475.992(4)(a).[1] Oral argument on the matter was set for later that same day. Before argument, the district attorney filed an amended information charging defendant with possession of "marijuana (in its resinous form, also known as hashish)." Following argument, at which the prosecutor contended that the initial information was sufficient to charge defendant with a Class B felony, the district court concluded that the information was ambiguous and construed it in defendant's favor as charging him with a violation. No mention was made of the amended information. The court

---

[1] ORS 475.992(4) provides, in pertinent part:

"(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *. Any person who violates this subsection with respect to:

"(a) A controlled substance in schedule I, is guilty of a Class B felony.

"* * * * *

"(f) Notwithstanding the placement of marijuana in a schedule of controlled substances * * * any person who knowingly or intentionally is in unlawful possession of less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a violation, punishable by a fine of not more than $100."

then accepted defendant's guilty plea to the violation and fined him $55.

Subsequently, the grand jury indicted defendant for possession of a controlled substance, hashish. The language of the indictment was identical to that of the amended information filed by the district attorney. Defendant moved to dismiss the indictment on former jeopardy grounds. The circuit court denied the motion, finding that, although the initial information may have been ambiguous, the amended information clearly charges defendant with a Class B felony over which the district court had no jurisdiction. After a trial to the court on stipulated facts, defendant was found guilty of possession of a controlled substance. This appeal followed.

■ Before dealing with the merits of the case, we think it is appropriate to state disapproval of the actions of the *pro tempore* district court judge. Whatever the defects in the charging instrument may have been, she knew (because she had been told) that the district attorney intended to charge defendant with a felony. It was no part of her office to accept a plea to the lesser charge and thereby frustrate the public's interest in complete law enforcement. We do not suggest that her actions were based on anything other than the best of intentions; clearly, she was doing what she believed it was appropriate to do, but her understanding in that regard was so wide of the mark that it requires comment. We turn now to the merits.

■ Defendant maintains that his prosecution in circuit court for the same offense to which he already had pled guilty violates Or Const, Art I, § 12 and ORS 131.515(1), which provide that no person shall be prosecuted twice for the same offense. There can be no question but that defendant has, in fact, been prosecuted twice for the same offense. Therefore, unless there exists some exception to the general rule that is applicable to the facts of this case, defendant's point is well taken. The state argues such an exception: A previous prosecution is not a bar to a subsequent prosecution when the initial prosecution occurred in a court which lacked jurisdiction over the defendant or the offense. ORS 131.525(3) (*amended by* Or Laws 1983, ch 509, § 2).[2]

---

[2] The amendment did not make any changes in the substance of subsection (3); it merely renumbered it as subsection (1), paragraph (c).

The state's position is that the district court lacked jurisdiction to accept the plea because the initial information was sufficient to charge defendant with a felony. This argument is well taken. Under the statutory scheme in question, all possession of marijuana is a felony. ORS 475.992(1). However, an exception is created in ORS 475.992(4)(f), *supra* n 1. By statute, the state is not required to negate this exception in the charging instrument. ORS 475.235(1) so provides:

"(1) It is not necessary for the state to negate any exemption or exception in ORS 475.005 to 475.285 and 475.991 to 475.995 in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under ORS 475.005 to 475.285 and 475.991 to 475.995. The burden of proof of any exemption or exception is upon the person claiming it."

It follows from the foregoing that the original charging instrument did, in fact, charge a felony. Defendant recognizes that, if that is true, the district court lacked authority to accept his plea, that it was a nullity and that his plea of former jeopardy was properly overruled. *See* ORS 46.040.

Affirmed.