# STATE OF OREGON,
### *Respondent,*

### *v.*

# GERALD LEVERTT MACK,
### *Appellant.*

### (90-01-33203; CA A64501)

817 P2d 1321

R. T. Gooding, Judge (Final Judgment of Conviction and Sentence).

Kurt C. Bendixsen, Hermiston, argued the cause and filed the brief for appellant.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was charged with the crimes of Assault I, ORS 163.185, and Burglary I. ORS 164.225. In addition to alleging the statutory elements of the offenses, the information relating to Assault I alleged that the victim did not substantially contribute to the commission of the offense by precipitating the attack; with respect to the burglary, it alleged that the offense occurred in an occupied dwelling and that defendant caused or threatened physical injury to the victim. Under the sentencing guideline statutes and rules, those additional allegations increase the "crime seriousness" rating of the charged offenses, subjecting a convicted defendant to a greater "presumptive sentence" than would be the case if only the statutory elements of the offense were found. ORS 137.120(2).

Over defendant's objection, all of the allegations were submitted to the jury with a special verdict form requiring the jury, if it found defendant guilty of the crimes, to make findings with respect to each of the subcategory facts alleged in the information.

The jury found defendant guilty of Assault I and also found that the victim did not substantially contribute to the commission of the offense by precipitating the attack; it also found defendant guilty of Burglary I and found that the burglary occurred in an occupied dwelling and that, during the commission of the burglary, defendant caused or threatened physical injury to the victim. Defendant appeals, contending that the facts relating to the subcategories of each of the crimes were for the court to determine and that they should not have been submitted to the jury. He recognizes that those allegations are required by ORS 135.711 to be set forth in the charging instrument, but contends that they are merely sentencing factors to be considered by the court.

In *State v. Moeller,* 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991), we held that the allegations relating to the subcategory of the crime charged were part of the conduct with which the defendant was charged and that they not only had to be alleged but were for the jury to determine beyond a reasonable doubt. The same is true here. Accordingly, there was no error.

Defendant also argues on appeal that he was not allowed the opportunity to present to the jury factors that may have mitigated his sentence rather than enhanced it. That question does not appear to have been preserved; however, the contention confuses the offense subcategory factors, which establish subcategories of crimes with different ranges of sentences, with the aggravating and mitigating factors that may be taken into account by the sentencing judge to justify departures from a presumptive sentence.

Affirmed.