Argued and submitted January 31, convictions affirmed; remanded for resentencing
October 14, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL LYNN KREIMEYER,
*Appellant.*

(C88-09-36441, C90-08-34584;
CA A68039 (Control), A68040)
(Cases Consolidated)

838 P2d 1102

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions on four counts of arson in the first degree. ORS 164.325. He argues that the court erred in denying his motion to suppress statements that he made to the police officers and that the court erred in classifying his crimes on the sentencing guidelines grid. In a consolidated appeal, he contends that his probation in another case was improperly revoked and argues that, if his convictions are reversed, the probation revocation should be also. We remand for resentencing.

The facts are not disputed. After a series of arson fires in defendant's apartment complex, a detective interviewed him at his workplace. He was advised of his constitutional rights, said that he understood them and agreed to talk to the detective. He at first denied any involvement in the fires but then began asking hypothetical questions about what charges a person might face and what penalties might result. After what the officer described as repetitive and redundant inquiries by defendant, he then confessed to setting the fires.

■      The motion to suppress was based solely on defendant's contention that the officer impliedly promised him that he would be charged with only one offense and that he would receive psychological treatment. The trial court made specific findings that no promises were made. On appeal, defendant abandons that argument and, for the first time, contends that, due to his psychological makeup, he did not voluntarily waive his constitutional rights to remain silent or have an attorney present. That issue was not raised below, and the trial court had no opportunity to address it. We decline to review that contention.

■      Defendant was charged with setting fire to protected property. There was no allegation that the fires constituted a threat to human life. When sentencing defendant, the court put the crimes in crime seriousness category 10 on the basis of its conclusion that defendant's conduct constituted a threat to human life. That issue was not pleaded or presented as an issue for the fact finder to decide. The state concedes that the facts constituting a subcategory of crime in the sentencing guidelines must be decided by the fact finder. We accept the state's concession. *State v. Mack,* 108 Or App 643, 817 P2d

1321 (1991); *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991).

Convictions affirmed; remanded for resentencing.