Argued and submitted November 5, decisions of Court of Appeals reversed; judgments of conviction are affirmed and cases are remanded to the circuit courts for resentencing December 31, 1992

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## BRIAN WILLARD FERRELL,
*Respondent on Review.*

(CC C900614CR; CA A69384; SC S38980)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## ROGER ALAN SMITH,
*Respondent on Review.*

(CC 9004-0603; CA A66562; SC S39000)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## ANDRES PALOMARES-PEREZ,
*Respondent on Review.*

(CC C901331CR; CA A68066; SC S39001)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## KELLI MCGUIRE,
*Respondent on Review.*

(CC 90CR2534; CA A67816; SC S39002)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## WANDA FAYE CONQUEST,
*Respondent on Review.*

(CC 90CR-1021; CA A66771; SC S39003)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## RAYMOND JOHN MARTSCH,
*Respondent on Review.*

(CC 90CR2527; CA A68397; SC S39004)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

DAVID GUY SUTPHIN,
*Respondent on Review.*

(CC C901396CR; CA A68313; SC S39005)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

CARLOS SANCHEZ-BUSTAMANTE,
*Respondent on Review.*

(CC C9004-32514; CA A66539; SC S39006)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

HENRY WILLIAM THOMPSON,
*Respondent on Review.*

(CC 90-12-36926; CA A68759; SC S39007)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

ROBIERE LAMONT JOHNSON,
*Respondent on Review.*

(CC C90-02-31052; CA A65067; SC S39008)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

GREGORY A. GUIDO,
*Respondent on Review.*

(CC 90CR2288, 90CR2108; CA A67678; SC S39009)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

ROBERT WAYNE FULLER,
*Respondent on Review.*

(CC 90CR2477; CA A67549; SC S39010)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

FRANCISCO RAMIREZ-SILVA,
*Respondent on Review.*

(CC 90C-20570, 90C-20631;
CA A65867 (Control), A65868; SC S39011)
(Cases Consolidated for Argument and Decision)

843 P2d 939

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petitions were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for respondents on review. With him on the response were Sally L. Avera, Public Defender, and J. Marvin Kuhn, David K. Allen, Jesse Wm. Barton, and Eric R. Johansen, Deputy Public Defenders, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed*, 312 Or 76, 815 P2d 701 (1991), the Court of Appeals held that the words "scheme or network" in OAR 253-04-002, App 4, are unconstitutionally vague, in violation of Article I, sections 20 and 21, of the Oregon Constitution.[1] The correctness of that holding is not before us here. The effect of that holding was to affirm the trial court's order setting aside the indictment in that case.

■ The only issue before this court in these 13 cases consolidated for review[2] is whether these defendants, each of whom was convicted after trial of one or more "scheme or network" offenses, are entitled to vacation of their convictions and remands to the trial courts with instructions to dismiss their indictments, or only to affirmance of their convictions on the underlying drug offenses and remands to the trial courts for resentencing. We conclude that the latter disposition is correct. Accordingly, the cases are remanded to the trial courts for entry of judgments of conviction on the underlying drug offenses, and for resentencing.

Defendants were charged with either manufacture, delivery, or possession of a controlled substance, in violation of ORS 475.992(1) and (4).[3] In addition to charging the

---

[1] After this court allowed review in *Moeller*, the 1991 legislature superseded the penal provisions that gave rise to the challenge in that case. Accordingly, this court determined that the order allowing review should be dismissed. *State v. Moeller*, 312 Or 76, 79, 815 P2d 701 (1991).

[2] *State v. Ferrell*, 111 Or App 120, 822 P2d 1212 (1992); *State v. Smith*, 111 Or App 126, 822 P2d 758 (1992); *State v. Palomares-Perez*, 111 Or App 127, 822 P2d 759 (1992); *State v. McGuire*, 111 Or App 123, 822 P2d 1213 (1992); *State v. Conquest*, 111 Or App 121, 822 P2d 1213 (1992); *State v. Martsch*, 111 Or App 129, 822 P2d 759 (1992); *State v. Sutphin*, 111 Or App 125, 822 P2d 758 (1992); *State v. Sanchez-Bustamante*, 111 Or App 118, 822 P2d 1211 (1992); *State v. Thompson*, 111 Or App 119, 822 P2d 1212 (1992); *State v. Johnson*, 111 Or App 131, 822 P2d 760 (1992); *State v. Guido*, 111 Or App 132, 822 P2d 760 (1992); *State v. Fuller*, 111 Or App 130, 822 P2d 760 (1992); *State v. Ramirez-Silva*, 111 Or App 124, 822 P2d 757 (1992).

[3] ORS 475.992 provides in part:

"(1) * * * [I]t is unlawful for any person to manufacture or deliver a controlled substance.

"* * * * *

"(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance[.]"

underlying offenses, the indictments alleged that the crimes occurred as part of a drug cultivation, manufacture, or delivery "scheme or network" under OAR 253-04-002, App 4 (the rule).[4] Under the then applicable sentencing guidelines statutes and rules, the effect of that additional allegation was to increase the "crime-seriousness" rating of each charged offense and thereby to subject a convicted defendant to a greater "presumptive sentence" than would be the case if only the underlying charged offense were found. ORS 137.120(2); OAR 253-08-001.[5] Defendants were convicted and sentenced.[6] On appeal, the Court of Appeals reversed each defendant's conviction and remanded each case to the trial court with instructions to dismiss the indictment. We allowed the state's petitions for review.

On review, the state contends that the Court of Appeals erred in reversing defendants' convictions and in remanding each case to the trial court with instructions to dismiss the indictment. The state concedes that, in the light of *State v. Moeller, supra,* the "scheme or network" allegations in defendants' indictments were unconstitutionally vague and, because the sentences imposed on defendants were based on "scheme or network" allegations, their sentences are unlawful. The state argues, however, that there is no basis in the record for concluding that the "scheme or

---

[4] The rule, adopted by the State Sentencing Guidelines Board, was legislatively approved by Oregon Laws 1989, chapter 790, section 87.

[5] ORS 137.120(2) provides:

"Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board."

The Board's rules classify each statutorily defined crime on a "crime-seriousness" scale. The crime-seriousness category is coordinated with the defendant's criminal-history classification to determine the "presumptive sentence" for the offense. At the time that each defendant here was convicted, the presumptive disposition for "scheme or network" drug offenders was incarceration; the presumptive disposition for other drug offenders was probation. In 1991, the legislature changed the crime category classifications to eliminate the "scheme or network" consideration for drug offenders.

[6] The following defendants were convicted after a trial to the court on stipulated evidence: Ferrell, Martsch, McGuire, Sutphin, Thompson, Guido, Fuller, Palomares-Perez, and Ramirez-Silva. Defendants Johnson and Sanchez-Bustamante were convicted after trials to the court. Defendants Conquest and Smith were convicted after jury trials, with the juries determining the scheme or network issue.

network" allegations affected the validity of the convictions entered on the underlying charged drug offenses. Accordingly, the state argues, the appropriate remedy is to affirm the convictions on the underlying charged drug offenses, and to remand the cases for resentencing, with the "scheme or network" allegations disregarded.

Defendants reply that, because the indictments contained an unconstitutionally vague allegation that was material to the indictments, the indictments failed to give them notice of the offenses charged. Defendants argue that such a pleading defect goes to the "substantive heart of the indictments" and vitiates both the indictments in their entirety and also the resulting convictions. Defendants rely on Article VII (Amended), section 5(6), of the Oregon Constitution, which states:

> "An information shall be substantially in the form provided by law for an indictment. The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

They argue that, under Article VII (Amended), section 5(6), the question presented is whether the indictments are flawed in form or in substance. If the indictments are flawed in substance, defendants argue, the appropriate remedy is to vacate their convictions and dismiss their indictments. For the reasons that follow, we agree with the state's contention and arguments and reject those of defendants.

■     Defendants' reliance on Article VII (Amended), section 5(6), is misplaced. That section controls whether an amendment to an indictment that has not been approved by the grand jury is constitutional. *See State v. Wimber*, 315 Or 103, 843 P2d 424 (1992) (trial court's amendment of indictment as to form only was authorized by Oregon Constitution); *cf. State v. Russell*, 231 Or 317, 322-23, 372 P2d 770 (1962) (time to amend substantial facts is while indictment is before grand jury).

■     We conclude that the error in defendants' indictments did not affect the sufficiency of the remaining allegations charging defendants with the underlying drug offenses,

all of which were properly alleged. ORS 136.460.[7] Thus, the indictments adequately apprised defendants of the offenses charged against them. The only function of the "scheme or network" allegation in each indictment was to move up the underlying drug offenses on the "crime-seriousness" scale *for sentencing purposes*. Although the state is required to plead specially in the indictment any offense-subcategory fact on which it seeks to rely to enhance an offense for sentencing purposes, such an allegation is required *in addition to* the allegations of the elements of the underlying offense. ORS 135.711.[8] Thus, the absence of an offense-subcategory allegation as is found here in an indictment or, similarly, a defect in such an allegation, does not affect the sufficiency of the remaining allegations in the indictment. We conclude that the defective "scheme or network" allegations here did not vitiate the indictments in their entirety, nor did the allegation frustrate the constitutional objectives of an indictment. *See State v. Wimber, supra*, 315 Or at 114 (discussing the constitutional purposes of indictments); *State v. Smith*, 182 Or 497, 500-01, 188 P2d 998 (1948) (same).

Defendants also argue that the disposition ordered by the Court of Appeals in these cases is consistent with this court's prior decisions involving a defendant's successful challenge to an indictment based on an unconstitutionally vague statute. They rely on *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982) (trial court did not err in sustaining the defendant's demurrer to an indictment charging the defendant with violating an unconstitutionally overbroad statute); *State v. Spencer*, 289 Or 225, 611 P2d 1147 (1980) (statute

[7] ORS 136.460 provides:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

[8] ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rule of the State Sentencing Guidelines Board."

In the absence of an allegation of an offense-subcategory fact, the offense is ranked as the lowest-category version of that offense for purposes of sentencing. *See* Oregon Criminal Justice Council, *Oregon Sentencing Guidelines Implementation Manual* 67-68 (September 1989) (so stating).

violated free speech provision of Article I, section 8); and *State v. Blair*, 287 Or 519, 601 P2d 766 (1979) (element of harassment held unconstitutionally vague under Article I, section 21). Those cases, however, are distinguishable and do not support the dismissal of the indictments ordered here by the Court of Appeals. In each of those cases, the constitutional problem affected the entire indictment, because the entire statute on which the charge was based was unconstitutional.

In the instant cases, the vagueness defect affects only one allegation in each count of each indictment. Unlike the defendants in *Robertson, Spencer*, and *Blair*, defendants here do not argue that ORS 475.992, the underlying statute on which their indictments are based, is unconstitutional. Neither do they argue that the unchallenged allegations of their indictments fail to state a prosecutable offense under ORS 475.992. Defendants do not argue that the presence of the "scheme or network" allegation in the indictments affected the validity of the underlying drug convictions, *i.e.*, defendants do not assign as error their convictions on the underlying offenses.[9]

In the absence of any basis for concluding that an error affected the validity of an underlying conviction, this court consistently has affirmed a conviction, insofar as it was not affected by the error, and remanded for resentencing. As long ago as *State v. Steeves*, 29 Or 85, 43 P 947 (1896), *overruled on other grounds, State v. Allen*, 301 Or 35, 717 P2d 1178 (1986), this court held that, where the indictment otherwise states a prosecutable offense, a defect in an indictment does not require that the conviction be reversed with directions to dismiss the indictment. In *Steeves*, the charged crime of murder was improperly pleaded, and the defendant was convicted of the lesser-included offense of manslaughter. In rejecting the defendant's challenge to the indictment, this court stated:

"It is contended that the indictment does not charge murder in any degree, but this cannot avail the defendant,

---

[9] Defendant Conquest is the only defendant who has even suggested that the jury heard substantive evidence regarding the "scheme or network" allegation that would have been inadmissible had she been charged only with a "simple" drug offense. Conquest has not, however, identified specifically what that evidence was or how its admission affected the validity of her underlying drug conviction.

for, having been convicted of manslaughter only, he can have no valid reason to question the sufficiency of the indictment for a failure to allege murder in either degree. The principle for which he contends implies that the facts constituting the crime of manslaughter are properly stated, and, having been convicted thereof, it is manifest that the indictment is sufficient to support the judgment." 29 Or at 87-88.

*See State v. Martin*, 54 Or 403, 408, 100 P 1106, 103 P 512 (1909) (where an indictment for murder was sufficient to charge manslaughter, for which the defendant was convicted, its failure to sufficiently charge murder was not material).

*State v. Graves*, 299 Or 189, 700 P2d 244 (1985), is very similar to the instant cases. In *Graves*, the defendant was indicted for first degree burglary based on an allegation of possession of a "burglar's tool." The allegation had the effect of increasing by 15 years the penalty on conviction of burglary. As did defendants in this case, Graves argued that the allegation was unconstitutionally vague. The trial court disagreed, and Graves later was convicted of first degree burglary. The Court of Appeals affirmed. On review, this court held that the "burglar's tool" allegation was unconstitutionally vague in violation of Article I, sections 20 and 21, of the Oregon Constitution. This court did not vacate Graves' conviction, however, explaining:

"The Court of Appeals is reversed and this case is remanded to the trial court. Because the jury necessarily must have found the defendant guilty of the crime of burglary in the second degree (a prerequisite for finding guilt on a burglary in the first degree charge), we direct the trial court to enter a judgment of conviction of the necessarily included crime of burglary in the second degree and impose an appropriate sentence therefor." 299 Or at 197.

In *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), the defendant was convicted of aggravated murder after a jury trial. On appeal, this court found error with respect only to the allegation that elevated the defendant's offense from murder to aggravated murder. This court affirmed the defendant's conviction for murder and remanded the case to the trial court for the state to choose whether to reduce the defendant's conviction to murder and to impose sentence accordingly or to retry him for aggravated murder. 308 Or at 381. Similarly, in *State v. Wagner*, 309 Or 5, 20, 786 P2d 93,

*cert den*, 498 US 879, 111 S Ct 212, 112 L Ed 2d 171 (1990), this court found error only as to the defendant's sentence of death for aggravated murder. This court rejected the defendant's argument that the penalty-phase error required the setting aside of his aggravated murder conviction, affirmed the aggravated murder conviction, and reversed and remanded only for a new penalty-phase proceeding.

■ We hold that where a defect related to an allegation such as is in issue here does not affect the validity of the conviction on any properly alleged underlying offense, the appropriate remedy is to affirm the conviction on the underlying offense and to remand for resentencing. Accordingly, in each of these 13 cases, we affirm the defendant's conviction on the underlying drug offense and remand to the trial court for resentencing, disregarding the "scheme or network" allegation.[10]

The decisions of the Court of Appeals are reversed. The judgments of conviction are affirmed and the cases are remanded to the circuit courts for resentencing.

---

[10] Several defendants have multiple convictions for manufacture, delivery, and possession of a controlled substance. ORS 475.992. Those charges contain "scheme or network" allegations; the convictions are affirmed on the underlying ORS 475.992 charges. A few defendants have convictions on other charges. Those convictions are also affirmed.