Argued and submitted October 27, 1994, reversed and remanded July 12, petition for review allowed October 17, 1995 (322 Or 193)

STATE OF OREGON,
*Appellant,*

*v.*

REYNELL MERRILL,
*Respondent.*

(92-1081; CA A81412 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

JUDY MERRILL,
*Respondent.*

(92-1082; CA A81413)
(Cases Consolidated)

899 P2d 712

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

The state appeals from pretrial orders in these consolidated cases granting defendants' demurrers to identically worded two-count indictments against each of them. We reverse.

Defendants were each charged with the offenses of unlawful delivery of a controlled substance, marijuana, and unlawful possession of a controlled substance, marijuana. ORS 475.992(1); ORS 475.992(4). The indictments read as follows:

### "COUNT 1

### "DELIVERY OF A CONTROLLED SUBSTANCE

"The said defendant on or about the 24th day of April, 1992, in the County of Columbia, State of Oregon, did unlawfully and knowingly deliver marijuana, a controlled substance, and

"The State further alleges that the above-described delivery involved a substantial quantity, to-wit: 150 or more grams of marijuana substance, and

"The State further alleges that the above-described delivery was a commercial drug offense involving the following:

"(1) The above-described delivery was of marijuana and was for consideration, and

"(2) The defendant, at the time of the crime, was in possession of $300.00 or more in cash, and

"(3) The defendant was in possession of greater than 110 grams of marijuana substance, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

### "COUNT 2

"As part of the same act and transaction alleged in Count 1 herein, the defendant is accused by the Grand Jury of Columbia County, Oregon, by this indictment of the crime of

### "POSSESSION OF A CONTROLLED SUBSTANCE

"committed as follows:

"The said defendant on or about the 24th day of April, 1992, in the County of Columbia and State of Oregon, did unlawfully and knowingly possess marijuana, a controlled substance, and

"The State further alleges that the defendant knowingly possessed 150 or more grams of marijuana substance, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Defendants demurred to the indictments on the grounds, *inter alia*, that Count 1 included two or more crimes not separately pleaded and that Count 2 failed to include an adequate allegation concerning the amount of marijuana allegedly possessed. The trial court granted the demurrers on those grounds.

The state first asserts that Count 1 does not charge defendants with multiple offenses; rather, it contends, Count 1 alleges one offense and two alternative offense-subcategory facts that need not be alleged in separate counts. Defendants argue that, by alleging the alternative offense subcategories, Count 1 improperly charges them with more than one offense.

▮▮▮ Defendants are correct that each offense in an indictment must be alleged in a separate count or the indictment is subject to a demurrer. ORS 132.550; ORS 135.630. It is also true that if the state seeks to rely on an offense-subcategory fact to elevate the charged offense on the crime-seriousness scale, it must specifically allege that fact in the affected count of the accusatory instrument. ORS 135.711;[1] *State v. Drake*, 113 Or App 16, 19, 832 P2d 44 (1992). However, the allegation in the affected count of more than one ground for enhancing the *sentence* does not necessarily mean that the count alleges more than one *offense*.

Neither this court nor the Supreme Court has addressed directly the issue presented in this case; however, the Supreme Court's discussion in *State v. Ferrell*, 315 Or 213, 843 P2d 939 (1992), is instructive. In *Ferrell*, 13 cases were consolidated for review, and each defendant was

---

[1] ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rules of the State Sentencing Guidelines Board."

If the state does not allege an offense-subcategory fact, the offense is ranked as the lowest-category version of that offense for sentencing purposes. *State v. Ferrell*, 315 Or 213, 221 n 8, 843 P2d 939 (1992).

charged by indictment with either manufacture, delivery, or possession of a controlled substance. In addition to charging the underlying offenses, the indictments also alleged that the crimes occurred as part of a "scheme or network," thus increasing the crime-seriousness rating of each charged offense. On appeal, we reversed each defendant's conviction and remanded each case with instructions to dismiss the indictment. In its argument to the Supreme Court, the state conceded that because the sentences were based on the "scheme or network" allegations — allegations that were held unconstitutionally vague under *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991) — the sentences were unlawful. However, the state argued, those unconstitutional allegations should not have affected the validity of the convictions entered on the underlying charged drug offenses. *Ferrell*, 315 Or at 219-20. The court agreed:

> "The only function of the 'scheme or network' allegation in each indictment was to move up the underlying drug offenses on the 'crime-seriousness' scale *for sentencing purposes*. Although the state is required to plead specially in the indictment any offense-subcategory fact on which it seeks to rely to enhance an offense for sentencing purposes, such an allegation is required *in addition to* allegations of the elements of the underlying offense. ORS 135.711. Thus, the absence of an offense-subcategory allegation as is found here in an indictment, or, similarly, a defect in such an allegation, does not affect the sufficiency of the remaining allegations in the indictment." *Id.* at 221 (emphasis in original; footnote omitted).

We read the above language to mean that the subcategory factors required for sentencing purposes are not themselves elements of the underlying offense, but are alleged *in addition to* those elements. *Accord State v. Stewart*, 123 Or App 147, 149, 859 P2d 545 (1993), *on recon* 126 Or App 456, 868 P2d 794 (1994), *aff'd on other grounds* 321 Or 1, 892 P2d 1013 (1995) (trial court properly refused proposed instruction that erroneously treated penalty enhancer as an element of the crime). Applying that holding in this context, we conclude that when an indictment properly alleges the elements of the underlying offense, the inclusion of alternative grounds for enhancing the sentence does not create additional offenses. The trial court erred in concluding that

Count 1 alleges multiple offenses and in sustaining the demurrers on that basis.

In their cross-assignment of error, however, defendants argue that Count 1 does *not* clearly allege an underlying felony delivery of controlled substance (DCS) offense, and, therefore, the trial court erred by failing to sustain the demurrers on the ground that the allegations were not sufficiently definite and certain. Defendants contend that because Count 1 does not allege a quantity of marijuana, it is not clear that they are being charged with felony DCS under ORS 475.992(1)(a), rather than with a misdemeanor, or even a violation, under ORS 475.992(2)(b). ORS 475.992(1)(a) defines the offense of DCS, providing that any person who delivers a Schedule I controlled substance is guilty of a Class A felony. However, subsection (2) of that statute provides:

"Notwithstanding the placement of marijuana in a schedule of controlled substances * * *:[2]

"(a)   Any person who delivers marijuana for consideration is guilty of a Class B felony.

"(b)   Any person who delivers, for no consideration, less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a Class A misdemeanor, except that any person who delivers, for no consideration, less than five grams of [the above] is guilty of a violation * * *."

The state argues that the first paragraph of Count 1, alleging that defendants "did unlawfully and knowingly deliver marijuana, a controlled substance," is sufficient to charge a felony offense, because an indictment need not specifically allege the amount of marijuana involved.[3] The state relies on *State v. Wadekamper*, 68 Or App 750, 683 P2d 168 (1984), in which the district court was held to have lacked

---

[2] Marijuana is a Schedule I controlled substance. OAR 855-80-021(3)(p).

[3] As discussed above, the facts alleged in the remaining paragraphs of Count 1 are considered for sentencing purposes only; thus, we do not consider those additional facts in determining whether Count 1 properly alleges the underlying DCS offense. For that reason, we need not address defendants' alternative argument that even if we were to supply any missing elements by reference to the offense subcategory allegations, Count 1 would still allege two different crimes: delivery of "150 or more grams marijuana," which appears to be a Class A felony, ORS 475.992(1)(a), and delivery of marijuana for consideration, which is a Class B felony, ORS 475.995(2)(a).

jurisdiction to accept a plea bargain where the initial informa-
tion charged the defendant with felony possession of a con-
trolled substance (PCS). In that case, the charging
instrument alleged that the defendant possessed marijuana,
but it did not specify an amount. *Id.* at 752. We held that,
under the statutes governing possession, which are analo-
gous to the delivery statutes quoted above,[4] "all possession of
marijuana is a felony." *Id.* at 754. We then held that the state
was not required to negate, in the charging instrument, the
statutory "exception" created for possession of less than an
ounce of marijuana. *Id.*; *see* ORS 475.235(1).[5]

■■  In this case, defendants argue that *Wadekamper* was
wrongly decided and urge that it be overruled. We decline to
do so. Even though there may be arguably persuasive reasons
for why the state "should" be required to allege the amount
involved when charging a person with possession or delivery
of marijuana, the legislature has elected to treat the amount
of marijuana as an exception to the felony offense. As we
recently discussed in *State v. Vasquez-Rubio*, 134 Or App 646,
897 P2d 324 (1995), where the language of a statute plainly
draws a distinction between the elements of a crime and an
exception or proviso, the state does not have to allege that the
exception does not apply. Here, the relevant statutes define as
felonies both delivery and possession of a controlled sub-
stance. ORS 475.992(1)(a); ORS 475.992(4)(a). The provi-
sions for lesser quantities of marijuana stand apart from

---

[4] ORS 475.992(4) now provides, in part:

"It is unlawful for any person knowingly or intentionally to possess a
controlled substance * * * except as otherwise authorized by ORS * * * 475.940
to 475.995. Any person who violates this subsection with respect to:

"(a) A controlled substance in Schedule I, is guilty of a Class B felony.

"* * * * *

"(f) Notwithstanding the placement of marijuana in a schedule of con-
trolled substances * * *, any person who knowingly or intentionally is in unlaw-
ful possession of less than one avoirdupois ounce of the dried leaves, stems and
flowers of the plant Cannabis family Moraceae is guilty of a violation * * *."

[5] ORS 475.235(1) provides:

"It is not necessary for the state to negate any exemption or exception in
ORS * * * 475.940 to 475.995 in any complaint, information, indictment or other
pleading or in any trial, hearing or other proceeding under ORS * * * 475.940 to
475.995. The burden of proof of any exemption or exception is upon the person
claiming it."

those definitions and are clearly indicated by "notwithstanding" clauses. ORS 475.992(2); ORS 475.992(4)(f). Accordingly, the state is not required to allege that the felony-offense exception does not apply. We conclude that the first paragraph of Count 1 charges defendants with felony DCS and that the alternative offense-subcategory facts alleged in Count 1 do not allege multiple offenses. The trial court erred in concluding otherwise.

With respect to Count 2, defendants concede that if *Wadekamper* is a correct statement of the law, then the indictments also properly charge them with felony possession of a controlled substance. We agree and hold that the trial court erred in allowing the demurrers to the indictments.

Reversed and remanded.