Argued and submitted January 31, affirmed March 13, petition for review denied May 28, 1996 (323 Or 265)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD DOUGLAS CASAVAN,
*Appellant.*

(10-94-03779; CA A85738)

912 P2d 946

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

■     After a stipulated facts trial, defendant was found guilty of burglary in the first degree.[1] ORS 164.225. The sentencing court classified the conviction as a crime category 8 offense because it was committed in an occupied dwelling. OAR 253-04-002(2), App 3. Defendant assigns error to that classification. We review as a question of law a claim that the sentencing court erred in ranking the crime seriousness classification of the current crimes, ORS 138.222(4)(b), and affirm.

■     Under the sentencing guidelines, a conviction for first-degree burglary can fall within one of three crime categories, depending on the existence of subcategory factors. OAR 253-04-002(2), App 3; *Oregon Sentencing Guidelines Implementation Manual* 30 (1989). First-degree burglary is ranked at category 9 if the offender was armed with a deadly weapon or caused or threatened physical injury to the victim. It is ranked at category 8 if the offender did not cause or threaten physical injury to the victim and did not possess a deadly weapon but "the offense was committed in an occupied dwelling." It is ranked at category 7 if it cannot be ranked at 8 or 9. The subcategory factors are part of the conduct with which a defendant is charged. They must be set out in the charging instrument, ORS 135.711, and must be determined beyond a reasonable doubt by the trier or fact. *State v. Mack,* 108 Or App 643, 645, 817 P2d 1321 (1991); *State v. Moeller,* 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991).

    Defendant and the state stipulated that the state's evidence would show that the dwelling that defendant burglarized was occupied at the time the burglary took place. The parties also stipulated that the state was unable to prove "beyond a reasonable doubt that [defendant] knew when entering in this residence and remaining within the residence that the residence was occupied."

    Defendant argues that his conviction should have been classified in category 7 instead of 8 because the state did not prove that he knew that the dwelling was occupied.

---

[1] Defendant also pled guilty to a second count of first-degree burglary and to a count of first-degree theft. He makes no argument relating to those convictions.

He argues that there is a statutory requirement that a defendant's mental state must be proved with respect to every element of an offense, ORS 161.115, and that the legislature cannot avoid requiring proof of a mental state by labeling an element of the offense as a sentencing factor. Defendant relies on *State v. Wedge*, 293 Or 598, 652 P2d 773 (1982), in which the Supreme Court held that, in enacting ORS 161.610, which requires a minimum term of imprisonment on conviction of a crime committed while in possession of a firearm, the legislature had created a new crime, even though the statute was denominated an enhanced penalty statute. Defendant argues that, as in *Wedge*, the subcategory factor has created the new crime of burglary in the first degree of an occupied dwelling.

Both we and the Supreme Court have considered similar arguments. In *State v. Stewart*, 123 Or App 147, 859 P2d 545 (1993), *on recon* 126 Or App 456 (1994), *aff'd on different grounds* 321 Or 1, 892 P2d 1013 (1995), the defendant was convicted of burglary in the first degree. The defendant argued that the trial court erred in refusing to give his requested instruction, which would have told the jury that the state had to prove that the building was occupied in order for his sentence to be enhanced. We did not reach that argument because the instruction improperly treated the penalty enhancer as an element of the crime, "which it is not." *Id.* at 149. More recently, in *State v. Merrill*, 135 Or App 408, 412, 899 P2d 712, *rev allowed* 322 Or 193 (1995), the defendants demurred to an indictment on the ground, *inter alia*, that one count included two or more crimes not separately charged. The state argued that the indictment did not charge multiple offenses but, rather, one offense with two alternative subcategory facts. We held that including alternative grounds for enhancing the sentence did not violate the statutory requirement that each offense in an indictment must be alleged in a separate count. ORS 132.550.

In so holding, we found instructive the Supreme Court's discussion in *State v. Ferrell*, 315 Or 213, 221, 843 P2d 939 (1992):

"The only function of the 'scheme or network' allegation in each indictment was to move up the underlying drug

offenses on the 'crime-seriousness' scale *for sentencing purposes.* Although the state is required to plead specially in the indictment any offense-subcategory fact on which it seeks to rely to enhance an offense for sentencing purposes, such an allegation is required *in addition to* allegations of the elements of the underlying offense. ORS 135.711. Thus, the absence of an offense-subcategory allegation as is found here in an indictment, or, similarly, a defect in such an allegation, does not affect the sufficiency of the remaining allegations in the indictment." (Emphasis in original; footnote omitted.)

From that discussion we concluded that "subcategory factors required for sentencing purposes are not themselves elements of the underlying offense, but are alleged in addition to those elements." *Merrill*, 135 Or App at 412.

Defendant acknowledges that subcategory factors are not *"per se"* elements of the crime, but argues that they "function" as elements. He cites *State v. Blanton*, 31 Or App 327, 570 P2d 411, *affirmed* 284 Or 591, 595, 588 P2d 28 (1978). We and the Supreme Court discussed the two categories of the elements of offenses: One relates to "the substance or quality of the forbidden act" and requires proof of a culpable mental state, and the second relates to conditions existing outside the actor's state of mind, such as "venue, jurisdiction, statutes of limitation and the like," which do not require a mental state. Defendant argues that the subcategory factor here is in the first category.

Defendant's position was implicitly rejected in *State v. Lark*, 316 Or 317, 851 P2d 1114 (1993). There, the Supreme Court discussed the nature of subcategory factors and noted that not all are based on characteristics of the offender. Some, such as the subcategory factor at issue here, are "based on factors uniquely related to the nature of the respective offenses." The court stated:

"[W]hen a factor describes a circumstance attendant on, or resulting from, the commission of the offense — such as 'the offense was committed in an occupied dwelling' — then the subcategory based on that factor applies to a defendant whenever that circumstance attends, or results from, the commission of the offense, whether or not the defendant personally caused the circumstance." *Id.* at 325.

■ Whether a dwelling is occupied is a circumstance that has nothing to do with an offender's state of mind. The circumstance exists whether or not an offender has knowledge of the fact. Defendant's arguments have not persuaded us that the subcategory factor here is a material element of the crime of burglary and, therefore, the statutes requiring proof of a culpable mental state do not apply. The trial court did not err in classifying defendant's conviction as a category 8 offense.

Affirmed.