Argued and submitted December 20, 1996, conviction affirmed; remanded for resentencing March 5, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## WILLIAM ALAN MINTER,
*Respondent.*

(94112503; CA A92593)

934 P2d 585

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

After a trial to the court, defendant was found guilty of burglary in the first degree. ORS 164.225. For purposes of sentencing, the court classified the conviction as a Crime Category 7 offense. The state appeals and assigns error to the classification, arguing that the court was required to classify the conviction in Crime Category 9 because the state charged and proved that defendant was armed with a deadly weapon when he committed the crime. OAR 253-04-002(2), App 3. We review a claim that a sentencing court erred in ranking the crime seriousness classification of the current crime as a question of law. ORS 138.222(4)(b); *State v. Casavan*, 139 Or App 544, 546, 912 P2d 946 (1996). We remand for resentencing.

In an indictment dated March 30, 1995,[1] the state charged defendant with burglary in the first degree. Count 4 of the indictment alleges:

"[D]efendant(s) did * * * unlawfully and knowingly enter and remain in a building * * * with the intent to commit the crime of theft therein, and, while in said building, defendant was armed with a deadly weapon, to-wit: two handguns * * *."

The elements of the crime of burglary in the first degree are set forth in ORS 164.225(1), which provides in part:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in the building or in immediate flight therefrom the person:

"(a)   Is armed * * * with a deadly weapon[.]"

ORS 164.215(1) provides, in part:

"[A] person commits burglary in the second degree if the person enters or remains unlawfully in a building with the intent to commit a crime therein."

---

[1] The parties discuss in their briefs ORS 132.557(1), which imposes pleading requirements in the indictment. That statute did not go into effect until July 7, 1995, after the indictment was filed in this case. We therefore confine our review to the applicable law in effect at the time of the indictment.

At sentencing, the state relied on OAR 253-04-002(2), App 3. It provides, in part:

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"(a) the offender was armed with a deadly weapon
* * *."

Defendant countered that the fact that he was armed with a deadly weapon when he committed the crime had already been taken into account as an element of the crime of burglary in the first degree under ORS 164.225. He argued that ORS 135.711[2] and the court's holding in *State v. Ferrell*, 315 Or 213, 843 P2d 939 (1992), are controlling and that the state was required to specially plead the "deadly weapon" allegation as an enhancement factor in addition to the elements of the offense if it sought to rely on that allegation at sentencing.

We begin our discussion by noting that the holding in *Ferrell* is not controlling in this case. In *Ferrell*, the defendants were each charged with felony drug offenses. In addition to alleging the elements of the underlying drug offenses, the state also alleged that the defendants were involved in a "scheme or network" as a basis for enhancement of the sentence. The Court of Appeals had reversed their convictions because the phrase "scheme or network" in OAR 253-04-002, App 4, had previously been held to be unconstitutionally vague in *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). The question before the Supreme Court on review was

"whether these defendants * * * are entitled to vacation of their convictions and remands to the trial courts with instructions to dismiss their indictments, or only to affirmance of their convictions on the underlying drug offenses and remands to the trial courts for resentencing." *Ferrell*, 315 Or at 218.

---

[2] ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rule of the Oregon Criminal Justice Commission."

The court held that the defect in the "scheme or network" allegation in the indictment required only that the defendants be resentenced. It reasoned that

> "[t]he only function of the 'scheme or network' allegation in each indictment was to move up the underlying drug offenses on the 'crime-seriousness' scale *for sentencing purposes*. Although the state is required to plead specially in the indictment any offense-subcategory fact on which it seeks to rely to enhance an offense for sentencing purposes, such an allegation is required *in addition to* the allegations of the elements of the underlying offense." *Id.* at 221 (emphasis in original).

Thus, the "scheme or network" allegation in *Ferrell* was not an element of the underlying offense. When the state sought to enhance the defendants' sentences based on a different allegation, ORS 135.711 required that the accusatory instrument contain that allegation in addition to the elements of the offense.

In the present case, the "deadly weapon" allegation is an element of the offense itself. The text of ORS 135.711 is clear on its face. It does not require that the accusatory instrument allege the same fact twice when that fact is *both* an element of the offense and operates to locate the offense in a specific subcategory of a crime on the Crime Seriousness Scale. ORS 135.711 simply requires that "the accusatory instrument shall allege facts *sufficient* to constitute a crime *or* a specific subcategory of a crime * * *." (Emphasis supplied.) The state alleged in the accusatory instrument that defendant was armed with a deadly weapon. That allegation, along with the other allegations, was sufficient to allege a specific subcategory of the crime of burglary in the first degree. Therefore, the state was not required to make an allegation of enhancement beyond what was alleged as an element of the crime. According to OAR 253-04-002(2), App 3, the crime of burglary in the first degree "*shall* be ranked at Crime Category 9 if * * * in the commission of the offense * * * the offender was armed with a deadly weapon * * *." The sentencing court erred by ignoring the rule's mandate and by ranking the offense at Crime Category 7.

Conviction affirmed; remanded for resentencing.